**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| AUTO-OWNERS INSURANCE COMPANY, | : : : | |
| Plaintiff, | : : | |
| v. | : : : | CIVIL ACTION NO. 2:11-CV-00215-RWS |
| DEERLAKE HOMEOWNERS ASSOCIATION, INC., et al., | : : : | |
| Defendants. | | |

## **ORDER**

This case comes before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint for Declaratory Judgment [34]. After reviewing the record, the Court enters the following Order.

## **Background**

Auto-Owners Insurance Company ("Auto-Owners") filed this action under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, seeking a declaration that it owes no duty to defend or indemnify Dewey C. White, Karen M. White, Karen M. White Paddocks, LLC, and White Properties Acquisition/Management, LLC (collectively, the "White Defendants") for claims asserted against them in an action currently pending in the United States

District Court for the Northern District of Georgia, Civil Action File No. 2:10-CV-00224-RWS (the "Underlying Suit"). (See Am. Compl. Ex. A, Dkt. No. [30-1].) In the Underlying Suit, Deerlake Homeowners Association, Inc. ("Deerlake HOA") seeks damages and injunctive relief pursuant to the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, and for damages caused by the White Defendants' and other defendants' alleged failure to comply with federal, state, and local laws and ordinances governing development activities, storm water flows, water quality control, and erosion and sediment control. (Id. ¶¶ 46-198.) As owners of the property at issue in the Underlying Suit, the White Defendants have entered into various insurance contracts with Auto-Owners. (See Am. Compl., Dkt No. [30] ¶¶ 30-55.) Although it has not been made a party, Auto-Owners is currently defending the White Defendants in the Underlying Suit pursuant to a reservation of rights under the insurance policies at issue in this case and implicated in the Underlying Suit (the "Policies").[1] (Am. Compl. Ex. D, Dkt. No. [30-6].)

---

[1] Specifically, the policies at issue include a Homeowners Policy, Umbrella Policy, and two Liability Policies issued by Auto-Owners to the various individuals and entities. The policies are attached to the Amended Complaint as Exhibits E, F, G, and H.

2

On August 16, 2011, Auto-Owners ("Plaintiff") filed the instant lawsuit seeking a declaration that it owes no duty to defend or indemnify the White Defendants[2] under the Policies for claims asserted in the Underlying Suit. (Dkt. No. [30].) Defendants have now filed a Motion to Dismiss, asking the Court to exercise its discretion to abstain, and alternatively, arguing that Plaintiff has failed to plead a claim ripe for adjudication. (Dkt. No. [34].)

## Discussion

**I. Motion to Dismiss**

A. <u>Abstention</u>

The Declaratory Judgment Act is "an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 287 (1995). The Eleventh Circuit has noted "[i]t only gives the federal courts competence to make a declaration of rights; it does

---

[2] In addition to the White Defendants, Plaintiff has named K&D Properties, Inc. because it maintains an insurance contract with Auto-Owners that names the Whites as additional insureds, and the Whites have made a claim for coverage with Auto-Owners under this policy. Plaintiff has also named Deerlake HOA, C.W. Matthews Contracting Company, Inc., and Paddocks Investment Partners, LLC because they are parties in the Underlying Suit and are necessary parties in this action. Hereinafter, the numerous parties will be referred to collectively as "Defendants."

3

not impose a duty to do so." Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1330 (11th Cir. 2005). In fact, "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495 (1942).

In Ameritas, the Eleventh Circuit provided guidance regarding the district courts' exercise of discretion in the presence of parallel state proceedings. 411 F.3d at 1331 (listing nine non-exhaustive "guideposts in furtherance of the Supreme Court's admonitions in Brillhart and Wilton"). Some courts have taken into consideration the factors set forth in Ameritas where the underlying litigation is not parallel, but merely related. See Philadelphia Indem. Ins. Co. v. AGCO Corp., No. 1:10-CV-4148-TWT, 2011 WL 2652139, at *3 n.1 (N.D. Ga. July 6, 2011) (finding that where the insurer is not a party to the state court action and the state suit does not involve the insurer's coverage obligations, the state court proceedings are related but not parallel). However, "[i]n such circumstances, courts have shown marked reluctance to exercise their discretion to stay or dismiss the declaratory judgment action." State Farm Fire & Cas. Co.

4

v. Knight, No. 09-0783-WS-B, 2010 WL 551262, at *3 (S.D. Ala. Feb. 11, 2010). The Eleventh Circuit has also cautioned that "[i]t is an abuse of discretion, however, to dismiss a declaratory judgment action in favor of a state court proceeding that does not exist." Fed. Reserve Bank of Atl. v. Thomas, 220 F.3d 1235, 1247 (11th Cir. 2000).

Defendants argue that the Court should abstain from exercising jurisdiction over this declaratory judgment action because (1) the Underlying Suit is pending, and (2) the Ameritas factors favor a determination of the issues in a Georgia state court. (Defs.' Mot. to Dismiss, Dkt. No. [34-1] at 7-16.) However, in this case there is neither identity of parties and issues, nor *any* pending state litigation. Auto-Owners, Plaintiff in this action, is not a party to the Underlying Suit. Further, the coverage issues involved in this action are not at issue in the Underlying Suit. Finally, the Underlying Suit is pending in this Court. Therefore, abstention is not warranted because there is no parallel or related litigation in state court addressing the same issues between the same parties that would resolve the coverage issues involved in this action.[3]

---

[3] Even if the Ameritas factors were applicable in this case as Defendants suggest, the Court is not convinced that abstention is warranted.

5

B. Ripeness and Prematurity

Defendants also move to dismiss this action based on the assertion that Plaintiff has failed to present a case or controversy ripe for adjudication, which the Court will consider as a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. See Sammons v. Nat'l Comm'n on Certification of Physician Assistants, Inc., 104 F. Supp. 2d 1379, 1381 (N.D. Ga. 2000) (noting that "ripeness goes to [a federal district court's] subject matter jurisdiction"). Rule 12(b)(1) attacks on subject matter jurisdiction can come in two forms–facial or factual. Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "Facial attacks" require the court to evaluate the complaint to see whether the plaintiff has sufficiently alleged a basis for subject matter jurisdiction; the allegations are taken as true for purposes of the motion. Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A., 104 F.3d 1256, 1261 (11th Cir. 1997); Lawrence, 919 F.2d at 1529 (11th Cir. 1990). "Factual attacks" challenge subject matter jurisdiction in fact, irrespective of the pleadings. Garcia, 104 F.3d at 1261. Here, because Defendants have not offered matters outside the pleadings for the Court to consider, this challenge will be considered

a facial challenge, and the allegations of the Amended Complaint will be taken as true.

Plaintiff seeks a declaratory judgment concerning the rights of the parties under the Policies, specifically Plaintiff's duty to defend and indemnify. (See generally Am. Compl., Dkt. No. [30].) Plaintiff states in the Amended Complaint that it is "currently defending" the Defendants in the Underlying Suit. (Dkt. No. [30] ¶ 29.) Defendants contend that the duty to indemnify is not ripe for adjudication, and that the Complaint should be dismissed in its entirety because Plaintiff "has failed to plead this Action in a way that clarifies which exclusions relieve them of the duty to defend versus the duty to indemnify." (Defs.' Mot. to Dismiss, Dkt. No. [34-1] at 17.)

Under Georgia law, the duty to defend and the duty to indemnify are separate and independent obligations. Penn-America Ins. Co. v. Disabled Am. Veterans, Inc., 490 S.E.2d 374, 376 (Ga.1997). "[A]n insurer's duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in the underlying suit." Smithers Constr., Inc. v. Bituminous Cas. Corp., 563 F. Supp. 2d 1345, 1348 (S.D. Fla. 2008) (citation

AO 72A
(Rev.8/82)

omitted); Employers Mut. Cas. Co. v. All Seasons Window & Door Mfg., Inc., 387 F. Supp. 2d 1205, 1211-12 (S.D. Ala. 2005) ("It is simply inappropriate to exercise jurisdiction over an action seeking a declaration of the plaintiff's indemnity obligations absent a determination of the insureds' liability."); see also Nationwide Mut. Fire Ins. Co. v. Dillard House, Inc., 651 F. Supp. 2d 1367, 1373 (N.D. Ga. 2009) ("The court should not pass on questions of insurance coverage and liability for indemnification when the contingencies giving rise to them may never occur. To do so would amount to an advisory opinion.") (citation omitted); State Farm Fire & Cas. Co. v. Myrick, 206-CV-359-WKW, 2007 WL 3120262, at *2 (M.D. Ala. Oct. 23, 2007) ("Resolving the duty to indemnify before the underlying case is concluded could potentially waste resources of the court because the duty to indemnify could become moot if the insured prevails in the underlying lawsuit."). In contrast, "[c]ourts have recognized a controversy exists regarding the duty to defend when the insured seeks a defense from an insurance company, but the insurance company denies that it is obligated." State Farm Fire & Cas. Co., 2007 WL 3120262, at *2.

Here, there is a controversy about whether Plaintiff is obligated to provide a defense to Defendants under the Policies, making the duty to defend

8

ripe for adjudication. However, the duty to indemnify is not ripe because the Underlying Suit is pending, and that duty is dependent on the outcome of that case. Accordingly, the Court will retain jurisdiction over the duty to defend. However, any aspects of Plaintiff's Amended Complaint regarding the duty to indemnify are **DISMISSED without prejudice as premature.**

## Conclusion

For the aforementioned reasons, Defendants' Motion to Dismiss [34] is **DENIED, in part,** and **GRANTED**, **in part.**

**SO ORDERED**, this  26th  day of March, 2012.

**RICHARD W. STORY**
United States District Judge

9